## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CINSEREE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-1092 |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss Plaintiff Cinseree Johnson's ("Johnson") Amended Complaint [#9].  For the reasons set forth below, this Court GRANTS State Farm's Motion.

### BACKGROUND

On March 24, 2009, Johnson filed a Complaint for Declaratory Judgment and Damages against State Farm and on April 8, 2009, she filed an Amended Complaint for Declaratory Judgment and Damages.  In her Amended Complaint, she asserts that she is the Administrator for the Estate of Matthew Norman ("Decedent"), an individual who had State Farm automobile insurance.  Johnson alleges that on or about July 1, 2007, Decedent was involved in an automobile accident.  As a result of this accident, a civil case, *Michael Haut v. Matthew Norman,* CV-08-667337 ("pending civil matter"), was commenced in the Cuyahoga County Court of Common Pleas in Ohio on or about August 7, 2008.

State Farm informed Johnson that it had hired Attorney Terrance Kenneally ("Kenneally") to represent Decedent in the pending civil matter.

Johnson maintains that on or about September 1, 2008, when she telephoned Kenneally and State Farm to inform them of Decedent's death, Kenneally "seemed confused and unorganized." On or about December 12, 2008, the pending civil matter was amended to name Johnson as a Defendant. From December 13, 2008, forward, Johnson has informed both State Farm and Kenneally that she disapproves of Kenneally's performance and that she did not want him to represent her or Decedent in the pending civil matter. Johnson states that State Farm informed her that, pursuant to the terms of the Decedent's insurance contract, it had the right to employ a defense attorney in the pending civil matter.

This current action arises because Johnson remains unhappy with Kenneally's representation. She alleges that Kenneally's continued representation amounts to a due process violation, a violation of a contractual agreement, and fraud. She asks this Court to enter an Order stating that: (1) State Farm may not interfere with her rights to represent herself or that of the Estate to which she has been named Administrator; (2) State Farm may not employ Kenneally on her behalf without her consent; and (3) State Farm will honor the terms of the insurance policy with respect to any settlement, and that she has the right to participate in, or negotiate settlement on behalf of herself or Decedent and that State Farm will not interfere with her efforts to resolve and settle the pending civil matter. In addition, Johnson seeks damages in the amount of $145,000 for State Farm's willful disregard for the terms of the insurance agreement, fraud, and violation of Plaintiff's due process rights as a legal representative for the Decedent.

On April 17, 2008, State Farm moved to dismiss Johnson's Amended Complaint, arguing that its insurance policy language makes clear that State Farm has the right to select counsel, and Johnson has a concomitant duty to cooperate in the defense of the case. State Farm also asserts that where, as here, neither the Decedent nor Johnson, as the Administrator of Decedent's Estate, has any exposure beyond the insurer's policy limits, no basis exists to interfere with the insurer's conduct of the litigation, for which it has agreed to indemnify its insured.

## DISCUSSION

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Johnson is a resident of Ohio and State Farm is an Illinois corporation, with its principle place of business in Illinois, and the alleged amount in controversy exceeds $75,000.

## Choice of Law

Johnson objects to the actions taken by State Farm and Kenneally in the pending civil matter in Ohio. Therefore, as a federal court sitting in diversity, this Court will apply the substantive law of Ohio. *See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)*; *Schindler v. Seiler,* 474 F.3d 1008, 1010 (7th Cir.2007); *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009).

**A.     State Farm's Duty to Defend**

Under Ohio law, whether an insurer has a duty to defend an action against an insured is initially determined by the scope of the pleadings. *M/G Transport Services, Inc. v. Water Quality Ins. Syndicate,* 234 F.3d 974 (6th Cir. 2000). The duty to defend involves a substantial right to both the insured and the insurer. *General Accident Ins. Co. v. Ins. Co. of North America,* 44 Ohio St. 3d 17, 21-22 (1989). State Farm attached the affidavit of Michael S. Doll ("Doll"), the claims manager for the pending civil matter, to its Motion to Dismiss. Doll states that State Farm is providing both defense and indemnification for the pending civil matter, without any reservation of rights. Doll further states that it is his understanding that neither the Decedent, nor his estate, nor the representative of his estate, is exposed to financial liability in the pending civil matter, because the plaintiff's claim in the pending civil matter is limited to the $100,000 liability limit of Decedent's insurance policy.

An insurance policy is a contract whose interpretation is a matter of law. *Cincinnati Ins. Co. v. CPS Holdings, Inc.,* 115 Ohio St.3d 306 (2007), citing *Sharonville v. Am. Emps. Ins. Co.,* 109 Ohio St. 3d 186 (2006). Where the language of the written contract is clear, a court may look no further than the writing itself to find the intent of the parties. *Id.* State Farm also attached the insurance policy that was in effect for Decedent at the time of the

accident. The policy states:

> We will:
> (1) pay damages which an *insured* becomes legally liable to pay because of
>     (a) *bodily injury* to others, and
>     (b) damage to or destruction of property including loss of its use; caused by accident resulting from the ownership, maintenance or use of *your car*; and
> (2) defend any suit against an *insured* for such damages with attorneys hired and paid by us. We will not defend any suit after we have paid the applicable limit of our liability for the accident which is the basis of the lawsuit.
>
> . . .
>
> We have the right to investigate, negotiate, and settle any claim or suit.

The policy also states:

> **Insured's Duty to Cooperate With Us:**
> (a)  The *insured* shall cooperate with us and, when asked, assist us in:
>      (1)  making settlements;
>      (2)  securing and giving evidence;
>      (3)  attending, and getting witnesses to attend, hearings and trials.
> (b)  the *insured* shall not, except at his or her own cost, voluntarily:
>      (1)  make any payment or assume any obligation to others; or
>      (2)  incur any expense, other than for first aid to others.

The Court finds that Decedent's insurance policy makes clear that State Farm will pay damages for which the Decedent would be legally liable and that State Farm will hire and pay for the attorney representing him. In addition, as the Decedent would have a duty to cooperate with this defense, so too would Johnson, his representative. The Court finds that because State Farm has hired (and apparently paid for) counsel in the pending civil matter, it is honoring its policy; therefore, there is no basis for Johnson to interfere with State Farm's conduct in the pending civil matter. The Court further finds that Johnson, as Decedent's Administrator, has a duty to cooperate with State Farm in the pending civil matter. Accordingly, Johnson fails to state a claim for which relief can be granted.

**B.  Supplement to Motion to Dismiss**

State Farm filed a supplement to its Motion to Dismiss on May 22, 2009. In this

supplement, it states that six weeks after Johnson filed her original Complaint in this case, she filed suit against Kenneally in the United States District Court for the Northern District of Ohio, 09-CV-992. In this suit, she alleges that Kenneally is representing her without her consent in the above-referenced pending civil matter (the same allegation that is before this Court). On May 13, 2009, District Judge Donald C. Nugent dismissed this action, finding that the action lacked an arguable basis in law. State Farm argues that this current matter should be dismissed because Johnson is barred from relitigating the same issues.

Further, State Farm refers this Court to a September 17, 2008, Order, from Judge Michael Ward, Athens County Court of Common Pleas, Athens, Ohio. This Order declared Johnson a vexatious litigator as defined in Ohio Revised Code § 2323.52. The Order further stated:

> 2) Cindy Johnson a.k.a. Cyndi Johnson a.k.a. Cinseree Johnson is prohibited from, directly or indirectly, instituting a legal proceeding, continuing a legal proceeding or making any application for relief or filing any motions in a legal proceeding in a court of common pleas, municipal court or county court, court of appellate jurisdiction or any federal court without first obtaining leave of that court to proceed.

The Court finds that it is not necessary to address these additional reasons for dismissing Johnson's action, as it has already found that she has failed to state a claim upon which relief can be granted.

State Farm also requests the Court to award it its costs. The Court declines to award costs to State Farm at this time. However, if Johnson continues to try to litigate this frivolous matter, the Court would consider awarding future costs in favor of State Farm.

## CONCLUSION

For the reasons set forth above, the Court GRANTS State Farm's Motion to Dismiss [#9].

ENTERED this 6th day of July, 2009.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge