UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CINSEREE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 09-1092 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff Cinseree Johnson's ("Johnson") "Objection to Court Order and Motion to Vacate" [#27 and #28], which the Court will construe as a Motion for Reconsideration under Fed. R. Civ. P. 60(b).  For the reasons set forth below, this Court DENIES Johnson's Motion.

**BACKGROUND**

Johnson filed an Amended Complaint for Declaratory Judgment and Damages against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), asserting that she is the Administrator for the Estate of Matthew Norman ("Decedent"), an individual who had State Farm automobile insurance.  Johnson's allegations arose over how Defendant State Farm chose to litigate Decedent's claim, particularly their choice of counsel, Terrence Kenneally.  This Court granted State Farm's Motion to Dismiss, finding that Decedent's insurance policy made clear that State Farm would pay damages for which the Decedent would be legally liable and that State Farm would hire and pay for the

attorney representing Decedent. Accordingly, the Court found that because State Farm hired (and apparently paid for) counsel in the pending civil matter, it was honoring its policy and therefore, there was no basis for Johnson to interfere with State Farm's actions. The Court concluded that Johnson failed to state a claim for which relief could be granted. The Court denied State Farm's request for attorney fees, but stated that if Johnson continued to litigate the matter, it would consider awarding future costs in favor of State Farm.

In her Motion to Reconsider, Johnson states that State Farm "had no right to interfere with the handling of the underlying matter once obvious 'problems' arose between [her]self and Terrence Kenneally. [She] had a right to discharge Kenneally, and no state law supports otherwise." Johnson also noted that this Court made reference to the other actions that she had filed in Ohio courts and argued that those actions are separate and apart from this action. Finally, Johnson stated that she did not "appreciate the court['s] threat concerning this matter. The court says costs for this action will be billed to [her] if [she] continue (sic) to pursue it. Plaintiff responds by saying, get your calculator out Judge, as no big name corporation is going to violate my rights."

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to request reconsideration of a judgment. *See* Rule 60(b) of the Federal Rules of Civil Procedure; *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). Relief pursuant to Rule 60 is extraordinary. *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2008). The rule specifies the relief that is available and must be adhered to strictly. *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000). In relevant part, a court may relieve a party from a final judgment or order based upon, among other reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party....

See Rule 60(b) of the Federal Rules of Civil Procedure. "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987) (internal citation omitted). A motion to reconsider brought pursuant to Rule 60(b) is not a substitute for filing an appeal. *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008).

The Court finds that Johnson merely rehashes the merits of her Amended Complaint. Johnson fails to cite to authority that supports her proposition that State Farm "had no right to interfere with the handling of the underlying matter once obvious 'problems' arose between [her]self and Terrence Kenneally." In addition, the Court notes that while it referenced the similar actions that Johnson had filed in Ohio, it did not base its ruling on these actions, as it had already found that Johnson failed to state a claim upon which relief could be granted. Finally, while it did not award State Farm its costs, the Court finds it was correct in stating that it would consider awarding future costs if Johnson continued to litigate her frivolous action. While a court should be more lenient in assessing sanctions against a *pro se* litigant, when she persists in a hopeless cause long after it should have been clear to her that her cause was indeed hopeless, sanctions should be imposed. *Bacon v. American Federation of State, County, and Mun. Employees Council*, *No. 13*, 795 F.2d 33, 34-35 (7th Cir. 1986).

While Johnson may disagree with the Court and file a timely appeal, the Court finds her motion to reconsider has no merit. Accordingly, Johnson's motion to reconsider is

denied.

## CONCLUSION

The Court DENIES Johnson's Motion to Reconsider [#27 and #28].

ENTERED this 22nd day of July, 2009.

                                                         s/ Michael M. Mihm
                                                        Michael M. Mihm
                                                        United States District Judge